UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KENNETH L. SCOTT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:19-cv-02529-JMS-MPB |
| | ) |
| MCCOLLUM, | ) |
| | ) |
| Defendant. | ) |

**Order Granting Defendant's Motion for Summary Judgment
and Directing Entry of Final Judgment**

Plaintiff Kenneth Scott, a former inmate at the Clark County Jail, filed this lawsuit alleging that defendant Carol McCollum assaulted him in his cell. McCollum seeks summary judgment on Scott's claims asserting that he failed to exhaust his available administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e. Scott did not respond to the motion for summary judgment or seek an extension of time to do so. For the following reasons, the motion for summary judgment is granted.

**I. Summary Judgment Standard**

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Material facts are those that might affect the outcome of the suit under applicable substantive law." *Dawson v. Brown*, 803 F.3d 829, 833 (7th Cir. 2015) (internal quotation omitted). "A genuine dispute as to any material fact exists 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Daugherty v. Page*, 906 F.3d 606, 609-10 (7th Cir. 2018) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). The Court views the facts in the light most favorable to the non-moving party, and all reasonable inferences are

drawn in the non-movant's favor. *See Barbera v. Pearson Education, Inc.*, 906 F.3d 621, 628 (7th Cir. 2018).

The plaintiff failed to respond to the summary judgment motion. Accordingly, facts alleged in the motion are deemed admitted so long as support for them exists in the record. *See* S.D. Ind. Local Rule 56-1 ("A party opposing a summary judgment motion must . . . file and serve a response brief and any evidence . . . that the party relies on to oppose the motion. The response must . . . identif[y] the potentially determinative facts and factual disputes that the party contends demonstrate a dispute of fact precluding summary judgment."); *Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003) ("[F]ailure to respond by the nonmovant as mandated by the local rules results in an admission"); *Brasic v. Heinemanns, Inc.*, 121 F.3d 281, 285-286 (7th Cir. 1997) (affirming grant of summary judgment where the nonmovant failed to properly offer evidence disputing the movant's version of the facts). This does not alter the summary judgment standard, but it does "reduce the pool" from which facts and inferences relative to the motion may be drawn. *Smith v. Severn*, 129 F.3d 419, 426 (7th Cir. 1997).

## II. Statement of Facts

Scott was arrested and taken to the Clark County Jail on April 7, 2018. Dkt. 21-1 ¶ 3.

There was a grievance policy in place at the Jail at the time of the alleged incident with McCollum which provided the rules and procedures for grievances within the Clark County Jail. *Id.* ¶ 22. Inmates are provided information regarding Jail policies and procedures through an Inmate Handbook. *Id.* ¶ 23. The Rules and Regulations instruct inmates to file grievances at the kiosk. *Id.* ¶ 27. Additionally, the inmates are informed if their grievance is not resolved to their satisfaction, they may notify the Jail Commander or Sheriff of the grievance. *Id.* ¶ 28. They have five days to do so. *Id.* ¶ 29.

Scott had access to an Inmate Handbook when he was confined in the Clark County Jail. *Id.* ¶ 30. With each new booking into the Clark County Jail, an inmate is required to acknowledge that he or she has read and reviewed the Inmate Handbook procedures before proceeding to further utilize the kiosk. *Id.*

Throughout the course of his confinement at the Clark County Jail, Scott used the kiosk system hundreds of times. *Id.* ¶¶ 5-21. This included grievances, inquiries, and requests submitted around the same time as the alleged interaction with McCollum. *See id.* ¶¶ 9, 15, 20. Scott alleges McCollum used excessive force against him on August 17, 2019. Dkt. 21-2 ¶ 4. Scott filed medical inquiries on August 20, 2019, August 21, 2019, and August 22, 2019, without mentioning any issue regarding McCollum. *Id.* ¶ 20. The issues he raised in those medical inquiries were about his medication. *Id.* On August 26, 2019, and August 29, 2019, he requested to be moved to a different housing location without mentioning McCollum. *Id.* ¶ 15. Lastly, he filed a general inquiry and a clergy request after August 17, 2019, without mentioning any issues with McCollum. *Id.* ¶¶ 7, 9.

### III. Discussion

The PLRA requires that a prisoner exhaust his available administrative remedies before bringing suit concerning prison conditions. 42 U.S.C. § 1997e(a); *see Porter v. Nussle*, 534 U.S. 516, 524-25 (2002). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id.* at 532 (citation omitted).

"Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo,* 548 U.S. 81, 90-91 (2006) (footnote omitted); *see also Dole v. Chandler,* 438 F.3d 804, 809 (7th Cir. 2006) ("'To exhaust

remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require.'") (quoting *Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir. 2002)). Thus, "to exhaust administrative remedies, a prisoner must take all steps prescribed by the prison's grievance system." *Ford v. Johnson*, 362 F.3d 39, 397 (7th Cir. 2004). It is the defendants' burden to establish that the administrative process was available. *See Thomas v. Reese*, 787 F.3d 845, 847 (7th Cir. 2015) ("Because exhaustion is an affirmative defense, the defendants must establish that an administrative remedy was available and that [the plaintiff] failed to pursue it.").

McCollum argues that Scott failed to exhaust his available administrative remedies because he did not file any grievances regarding his complaints against her. Having failed to respond to the motion for summary judgment, Scott has failed to dispute these facts. Accordingly, it is undisputed that Scott failed to exhaust his available administrative remedies regarding his claims against McCollum.

### IV. Conclusion

For the foregoing reasons, McCollum's motion for summary judgment, dkt. [19], is **granted**. Final judgment dismissing this action without prejudice shall now issue.

The **clerk shall** update the docket to reflect the correct spelling of the defendant's name is McCollum.

**IT IS SO ORDERED.**

Date: 5/1/2020

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

KENNETH L. SCOTT
10921 Meadowlake Drive
Indianapolis, IN 46229

All Electronically Registered Counsel